IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CURTIS CLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 314-154 |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Curtis Clover ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.      BACKGROUND**

Plaintiff is a fifty-seven year old male born on March 2, 1958. Tr. ("R."), p. 231. He completed the eleventh grade and has worked as a spreader in the fabric/garment industry, and as a carpenter. Plaintiff protectively applied for SSI on June 15, 2012, alleging a

disability onset date of June 10, 2011. R. at 13. The Social Security Administration denied Plaintiff's application initially, R. at 62, and on reconsideration, R. at 68. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on November 12, 2013. R. at 26-47. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Tina Baker-Ivey, a Vocational Expert ("VE"). Id. On February 7, 2014, the ALJ issued an unfavorable decision. R. at 10-20.

Applying the five-step sequential process required by 20 C.F.R. § 404.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since June 15, 2012, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairment: hernia (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c). Specifically, he can lift/carry 50 pounds occasionally and 25 pounds frequently; and he has no limitations in sitting, walking, or standing.

5. The claimant is capable of performing past relevant work as a construction worker and fabric spreader. These work activities do not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965). The claimant has not been under a disability, as defined in the Social Security Act, since June 15, 2012, the date the application was filed (20 CFR 416.920(f)).

R. at 15-19.

When the Appeals Council denied Plaintiff's request for review, R. at 1, the

Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action arguing the Commissioner's decision is not supported by substantial evidence because: (1) new and material medical evidence warrants remand under sentence six of 405(g); (2) the ALJ erred in finding Plaintiff's hernia to be the only severe impairment; (3) the ALJ failed to state what weight he afforded any medical opinion of evidence contrary to 20 CFR §416.927 and Social Security Rulings 96-6P, 96-8P, and 06-3P; and (4) the Commissioner's decision is not supported by substantial evidence because the vocational grid rules direct a finding of disability. (Doc. no. 14, "Pl.'s Br." at 7-11.) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See generally doc. no. 15 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial

3

evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

**A.  The ALJ's Severity and RFC Determinations Are Not Supported by Substantial Evidence Because the ALJ Failed to Properly Evaluate the Opinions of Treating Physicians Dr. Israel Bryson and Dr. Micheal Seward.**

Dr. Bryson treated Plaintiff at least five times from November 2012 through August 2013, for a variety of medical health issues including spinal osteoarthritis, hernia, COPD, cervical radiculitis, erectile dysfunction, hypogonadism, and hypertension. R. at 373, 376, 379, 389, 419. Dr. Bryson's medical evaluations indicated that Plaintiff received treatment and medications for these ailments, and also identified the functional limitations that these ailments posed. See generally id. Dr. Bryson assessed Plaintiff with cervical and lumbar spinal osteoarthritis that worsened with cold weather, and stated that Plaintiff's inguinal hernia "pain flared up with lifting . . . ." R. at 420. In July 2013, Dr. Bryson stated that Plaintiff's spinal osteoarthritis flared up while Plaintiff was "cutting grass." R. at 377. In August 2013, Dr. Bryson met with Plaintiff again, and stated that Plaintiff's spinal osteoarthritis flared up with "any physical activity." R. at 374.

However, at step two, the ALJ determined that Plaintiff only had a single severe impairment, a hernia. R. at 15. The ALJ's opinion demonstrates that he was aware of and considered Dr. Bryson's opinion, because the ALJ recited a select portion of Dr. Bryson's findings. R. at 17. However, the ALJ's opinion does not reflect that he considered the entirety of Dr. Bryson's findings, and there is no explanation why he rejected as non-severe any of Plaintiff's other ailments.

The ALJ references Plaintiff's spinal osteoarthritis, or "low back pain," making the conclusory statement that "[Plaintiff] has subjective allegations of low back pain, but it has

5

not shown to cause any significant limitations in his ability to perform basic work-related activities." Id. This assertion directly contradicts Dr. Bryson's statement, in his assessment of Plaintiff, that Plaintiff's spinal osteoarthritis flared up with "any physical activity," and the ALJ gave no reason why he discounted Dr. Bryson's evaluation. See R. at 15-17.

In the ALJ's RFC analysis, the ALJ determined that Plaintiff had the capacity to perform medium work as defined in 20 CFR 416.967(c), which involves "lifting no more than 50 pounds at a time with frequently lifting or carrying . . . objects weighing up to 25 pounds." R. at 16. However, the ALJ did not mention that Dr. Seward also recommended Plaintiff avoid "any activities that cause pain in the hernia." R. at 210. Nor does the ALJ attempt to reconcile his opinion with the conflicting opinion of Dr. Seward that Plaintiff should "avoid heavy lifting and straining." R. at 16-18, 210.

Furthermore, in reaching the conclusion that Plaintiff can perform medium work, the ALJ does not provide any reason why he discounted Dr. Bryson's findings of Plaintiff's additional impairments, including his spinal osteoarthritis, COPD, and cervical radiculitis, other than that "[Plaintiff was] responding to medications and assessed as stable." R. at 17. The ALJ does not explain how these additional impairments affected the RFC analysis. R. at 16-19. Because the ALJ failed to explain why he rejected certain portions of Dr. Bryson's report and accepted others, the ALJ's analysis is incomplete. "It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

Because the ALJ did not adequately assess the opinion evidence by Plaintiff's treating physicians Drs. Seward and Bryson, the ALJ's step two and RFC analyses are not supported by substantial evidence.

**B. The ALJ Failed to State the Weight Given to Medical Opinions, Requiring Reversal and Remand.**

Plaintiff argues that the case should be remanded because the ALJ erred in failing to state with particularity the weight given to any medical opinion, and the reasons therefor. Pl.'s Br., p. 10. The Commissioner does not address this issue, and instead sets forth an extensive synopsis of the medical opinions by Drs. Seward, Bryson, and Kulkarni, regarding Plaintiff's physical health. Comm'r Br., pp. 5-9. Because the ALJ failed to specify the weight given to the medical opinions and the reasons therefor, a remand is appropriate.

An ALJ has a duty to develop the facts of the case fully and fairly. Todd v. Heckler, 736 F.2d 641, 642 (11th Cir. 1984) (citing Ford v. Sec'y of Health and Human Serv., 659 F.2d 66, 69 (5th Cir. 1981)). As part of that duty, the ALJ must "make clear the weight accorded to the various testimony considered." Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is required to "state specifically the weight accorded to each item of evidence and why she reached that decision" since, "in the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Id. It is insufficient for an ALJ to state that he considered all of the evidence when he does not indicate what weight he accorded to the evidence considered. Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Although the ALJ may reject the opinion of any physician when the evidence supports a

7

contrary conclusion, Bloodsworth v. Heckler, 703 F.2d 1233, 1240 (11th Cir. 1983), failure to explain the weight given to different medical opinions is reversible error. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Circ. 1987).

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).

In this case, although the ALJ recites the medical record, the ALJ's opinion is devoid of any particularized weighing of any medical opinion evidence. See R. at 15-19. Significantly, the ALJ does not assign weight to treating physician Dr. Seward's opinion, Dr. Bryson's medical evaluation, or Dr. Kulkarni's consultative examination.

Also problematic is the ALJ's failure to explain how he resolved conflicts between the opinions. See id. Consultative examiner Dr. Kulkarni evaluated Plaintiff on August 20, 2012, noted that Plaintiff had an inguinal hernia, and concluded that Plaintiff had a full range of movements without pain and an "essentially normal-looking lumbar spine." R. at 219, 221-222.

Dr. Kulkarni's evaluation stands in contrast with Dr. Bryson's evaluation, discussed in detail *supra* Part III.A. Dr. Bryson diagnosed Plaintiff with COPD, cervical radiculitis, and spinal osteoarthritis, three ailments not present in Dr. Kulkarni's evaluation. R. at 221, 373. Dr. Kulkarni opined that Plaintiff had a "full range of movements without pain," yet, Dr. Bryson indicated that any physical activity "flares up [Plaintiff's] pain." The ALJ does not explain how these contradictory opinions were resolved, and does not explicitly assign either opinion any weight. See R. at 15-19. The ALJ merely states, "the undersigned has considered the opinion of the State Agency consultants as well as other treating, examining, and non-examining medical sources." R. at 19. This statement is insufficient to provide the Court with the basis for the ALJ's decision. Cowart, 662 F.2d at 735.

In sum, the ALJ failed to state with particularity the weight he gave different medical opinions and the reasons therefor. The Court is mindful of the difficulties of evaluating a

claimant's impairments and weighing the medical opinions that appear in an administrative record. Nonetheless, the law requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with a sound, meaningful review of the administrative decision. The ALJ in this case undoubtedly failed to provide particularized weight to any medical opinion, or explain how he resolved conflicts between medical opinions. Accordingly, this case should be remanded for proper consideration, in the first instance at the administrative level of review, of all of the medical opinions of record. In light of its determination that the Commissioner's decision is not supported by substantial evidence due to the ALJ's failure to properly weigh the physician opinion evidence, the Court need not reach Plaintiff's remaining contentions.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 11th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA