IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS CLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-154 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

On February 5, 2016, United States District Judge Dudley H. Bowen Jr. granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) in the above-captioned social security appeal, and a judgment was entered in Plaintiff's favor. (Doc. nos. 19, 20.) Pursuant to the Equal Access to Justice Act ("EAJA"), Plaintiff requests $3,971.91 in attorney's fees, $400.00 in costs, and $18.36 in expenses. (Doc. no. 21.) The Acting Commissioner disputes the request and argues: (1) Plaintiff seeks compensation for an excessive number of hours at an excessive hourly rate; (2) Plaintiff should not receive compensation for the claimed filing fee; and (3) attorney's fees are payable directly to Plaintiff. (Doc. no. 22.) For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's motion and awards Plaintiff $3,707.68 in attorney's fees and $18.36 in expenses under the EAJA.

## I.    DISCUSSION

### A.    Plaintiff is Not Entitled to $400.00 in Costs For the Filing Fee.

The Acting Commissioner argues Plaintiff should not receive compensation for the claimed filing fee of $400.00 because Plaintiff did not remit the filing fee and instead, sought to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  (Doc. no. 22, p. 6.) Plaintiff admits this request for the $400.00 filing fee was submitted in error.  (Doc. no. 23, p. 2.)  Because the record confirms Plaintiff did not remit the $400.00 filing fee and was granted leave to proceed IFP, (doc. no. 3), the Court **DENIES** Plaintiff's request for $400.00 in costs for the filing fee.

### B.    Plaintiff is Entitled to Receive Compensation at the Claimed Hourly Rates.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) indicates attorney's fees shall not be awarded in excess of $125.00 per hour unless the Court determines an increase in the cost of living justifies a higher fee.  The statute does not contemplate a flat fee rate, and Courts have routinely found an hourly rate higher than $125.00 to be reasonable.  See, e.g., Jackson v. Astrue, No. 3:09CV218/MCR/MD, 2010 WL 2330269, at *1 (N.D. Fla. May 11, 2010), report and recommendation adopted, No. 3:09CV218/MCR/MD, 2010 WL 2330246 (N.D. Fla. June 10, 2010) (finding hourly compensation rate of $172.25 reasonable).

Plaintiff bears the burden in demonstrating the requested rate is in line with the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.  N.A.A.C.P. v. City of Evergreen, Ala., 812 F.2d 1332, 1338 (11th Cir. 1987).  Here, Plaintiff's attorney has demonstrated she is entitled to her requested

2

hourly rate of $190.06 per hour in 2014, $192.44 per hour in 2015, and $193.26 per hour in

2016.  Courts have routinely awarded Plaintiff's attorney compensation at these hourly rates.

(See doc. no. 23-1, pp. 39, 51.); See, e.g., Felton v. Colvin, No. 5:13-cv-310 (CHW), doc. no.

24, (M.D. Ga. 2015) (granting counsel hourly rate of $187.02 for services performed in 2013,

and hourly rate of $190.06 for services performed in 2014).

      **C.**     **Plaintiff is Not Entitled to Compensation for Clerical Tasks or Unilateral Extensions.**

This Court has discretion to deny or reduce the amount of an award for fees incurred

by preparation of certain documents.  See U.S.C. § 2412(d)(1)(C).  Tasks performed for the

benefit and convenience of Plaintiff's counsel alone, and not based on any fault of the

Commissioner, are not compensable at taxpayer expense.  See Nelsonv. Colvin, No. 8:14-

CV-2297-EAK-MAP, 2015 WL 5867439 at *1 (M.D. Fla. Oct. 5, 2015).  Furthermore,

attorneys are not entitled to compensation at an attorney's rate because they undertook

clerical tasks or tasks that do not require the full exercise of an attorney's education and

judgment.  See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1306 (11th

Cir. 1988); Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]asks of a

clerical nature are not compensable as attorney's fees . . . under the EAJA.")

Here, Plaintiff seeks compensation for numerous clerical tasks and time spent asking

for unilateral deadline extensions.  (See doc. no. 21-1.)  Plaintiff seeks compensation for

preparing cover sheets, summons, and consent forms, resending summons and cover sheets

by mail, preparing and mailing copies of the complaint, and preparing and filing a motion for

a unilateral extension of time to file Plaintiff's brief.  (Id.; doc. no. 11.)  Because these tasks

are clerical or are not compensable at taxpayer expense, Plaintiff is not entitled to attorney's

fees for these tasks.  Accordingly, the Court reduces Plaintiff's award of attorney's fees from $3,971.91 to $3,707.68.

### D.     The Fees are Payable to Plaintiff.

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on the holding in Ratliff, courts faced with petitions for EAJA awards accompanied by requests to honor assignments to litigants' attorneys have found that the proper course is to "award the EAJA fees directly to [the litigant] as the prevailing party and remain silent regarding the direction of payment of those fees."  Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  Indeed, this approach has recently been followed in this District.  See Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (Hall, J.) (where plaintiff had purportedly assigned award to counsel, awarding EAJA fees to plaintiff without directing payment to counsel); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States.  The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of [the] EAJA [award] and pay [the award] directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt."  Bostic, 858 F. Supp. 2d at 1306; see also Marshall v. Astrue, 7:09-CV-33 HL, 2011 WL 2604768, at *5 (M.D. Ga. May 10, 2011) ("The Commissioner may award attorney's fees directly to Plaintiff's counsel if the fee has been assigned to the attorney and

Plaintiff has no outstanding federal debt."), *adopted by* 2011 WL 2604754 (M.D. Ga. June 30, 2011); Griffin v. Astrue, 1:10CV115, 2010 WL 5211548, at \*3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

## II.      CONCLUSION

Accordingly, the Court **GRANTS IN PART** Plaintiff's motion and awards $3,707.68 in attorney's fees and $18.36 in expenses. The Court will not direct the manner in which the EAJA award is to be paid.

SO ORDERED this 29th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA